IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-388 |
| | ) | [UNDER SEAL] |
| BRUCE M. TAKAC | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Distribution of Child Pornography<br>On or about July 20, 2008 | 18 U.S.C. § 2252(a)(2) |
| 2 | Receipt of Child Pornography<br>In or around August 2008 through on or about September 12, 2008 | 18 U.S.C. § 2252(a)(2) |
| 3 | Possession of Child Pornography<br>On or about September 12, 2008 | 18 U.S.C. § 2252(a)(4)(B) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Counts 1 and 2:

In order for the crimes of Distribution and/or Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received, distributed, transported, or shipped a visual depiction of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

3. That the visual depiction is of such conduct.

> Title 18, United States Code, Section 2251(a)(1)(B).

4. That the visual depiction has been mailed, or shipped or transported in interstate or foreign commerce, or contains material which has been mailed or shipped or transported in interstate or foreign commerce.

Title 18, United States Code, Section 2252(a)(2).

**B. As to Count 3:**

In order for the crime of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items, which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B)

2. That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

Title 18, United States Code, Section 2252(a)(4)(B)

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B)

### III. PENALTIES

**A. As to Counts 1 and 2:** Distribution and Receipt of Child Pornography (18 U.S.C. § 2252(a)(2)):

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior

3

conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under section 920 of title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

    2. A fine of $250,000.00, 18 U.S.C. §3571(b)(3);

    3. A term of supervised release of up to life, 18 U.S.C. §3583(k);

    4. Any or all of the above.

    **B. As to Count 3:** Possession of Child Pornography (18 U.S.C. § 2252(a)(4)(B)):

    1. Imprisonment of not more than ten (10) years, but if such person has a prior conviction under Title 18, United States Code, Sections 2251 et seq., 2141 et seq., 2421 et seq., or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be imprisoned to not less than ten (10) years nor more than twenty (20) years. 18 U.S.C. §2252(b)(2).

    2. A fine of $250,000.00, 18 U.S.C. §3571(b)(3).

    3. A term of supervised release of not more than three (3) years. 18 U.S.C. §3583(b)(2).

4

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430