IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 08-388
)
BRUCE M. TAKAC )

MEMORANDUM ORDER
AND TENTATIVE FINDINGS AND RULINGS

AND NOW, this 22nd day of June, 2009, the Probation Office having conducted a presentence investigation and submitted a presentence report; the government having indicated that it has no objections to the presentence report; and defendant having indicated that he has no objection to the presentence report, the court makes the following tentative findings and rulings:

1) On October 30, 2008, the grand jury returned a three-count indictment against Bruce M. Takac ("defendant") charging him with distribution of child pornography on or about July 20, 2008 (Count One) and receipt of child pornography from in or around August 2008 to on or about September 12, 2008 (Count Two), each in violation of 18 U.S.C. §2252(a)(2), as well as possession of material depicting the sexual exploitation of a minor on or about September 12, 2008 (Count Three), in violation of 18 U.S.C. §2252(a)(4)(B). Defendant is scheduled to appear before this member of the court on June 29, 2009, to enter a guilty plea to Count One of the indictment pursuant to a written plea agreement.[1] He is also scheduled to be sentenced on that same date.

According to the plea agreement, in addition to entering a guilty plea to Count One of the indictment, he

---

[1]Defendant filed a waiver of rights pursuant to Federal Rule of Criminal Procedure 32(e)(1), in which he consented to the Probation Office preparing and submitting a presentence investigation report to the parties and to the court prior to the entry of his guilty plea in this case.

AO 72
(Rev. 8/82)

acknowledges his responsibility for the conduct charged in Counts Two and Three. Defendant also agrees to forfeit the computer equipment that he used to commit the crimes charged in the indictment. Defendant further agrees to report to the probation officer the address where he will reside after his release from imprisonment and any subsequent change of residence. Further, defendant agrees to register as a convicted sex offender under the laws of any state where he resides, is employed, carries on a vocation or is a student. In addition, defendant agrees to waive his right to take a direct appeal from his conviction or sentence subject to certain enumerated exceptions, as well as his right to file a motion to vacate sentence under 28 U.S.C. §2255. Defendant also agrees to pay a special assessment of $100. In exchange, the government will recommend that the offense level be reduced three levels based on defendant's acceptance of responsibility, and will move to dismiss Counts Two and Three of the indictment after the court imposes sentence.

The charges in the indictment arose as a result of an investigation conducted by the Pennsylvania State Police ("PSP") and the Federal Bureau of Investigation ("FBI"). After FBI agents received information from a PSP trooper who was working in an undercover capacity on the internet, the agents obtained a search warrant for defendant's residence. The agents executed the warrant on September 12, 2008, and they seized defendant's computer and external hard drive. The agents advised defendant of his Miranda rights, and he agreed to be interviewed. Defendant advised the agents that he was aware of file sharing programs such as Limewire, which enable users to browse and download information from other users' computer files. Defendant admitted that he downloaded child pornography onto his computer and that his external hard drive contained over 1,000 images of child pornography. Defendant also admitted that some files may have been deleted from his computer system.

Defendant reported that he used the term "pthc" to search the internet for child pornography. The term "pthc" refers to "preteen hard core" and is used by child pornographers to find a specific age range of children. Defendant told the agents that he believed "pthc" meant "pathetic", and that he used the term to search for child pornography involving "the regular stuff." Defendant also told the agents that he did not become sexually aroused while viewing child pornography.

Defendant admitted that he knowingly shared child

AO 72
(Rev 8/82)

pornography on the internet on several occasions. The images he used for this purpose were stored on a disc he kept hidden in a music compact disc jacket called Slayer. Agents recovered that disc during the search. The actual content of the disc was not music, but rather images of child pornography. Defendant would use the images on the disc when no one wanted to trade child pornography because, as he explained to the agents, one has to trade child pornography in order to receive it. Defendant would place the images of child pornography from the disc in his "My Shared Folder" within the Limewire program for others to access. In exchange, defendant would be able to retrieve new images of child pornography from other users.

Defendant also admitted to using Paltalk, which is an internet service for text, voice and video chatting. Defendant communicated with adult women in Triple X chat rooms where he viewed them exhibiting their genitals on web cameras. Defendant admitted he was aware of 13 to 17-year-old chat rooms, but he denied accessing them. Defendant subsequently contradicted himself by stating to the agents that he had gone into the 13 to 17-year-old chat rooms and viewed three children via web cameras.

During the interview, defendant also advised the agents that he had been employed by U.S. Security Associates, Incorporated for over three years. This employer was aware of defendant's arrest in 1994 for the "rape of an 11-year-old girl." Defendant told the agents that he pled guilty to "lewdness and exposure," but he denied committing these acts. Defendant further stated that he pled guilty so that he could get on with his life.

A forensic analysis of defendant's computer revealed that he was receiving and distributing images of child pornography. Defendant's computer contained in excess of 600 images of child pornography, including movies. Some of the images were of children under 12 years of age. The images also included material that portrayed sadistic or masochistic conduct or some other form of violence.

Defendant was arrested on November 5, 2008. When defendant was interviewed after his arrest, he again explained to the agents how he used file sharing on his computer to obtain child pornography. He explained that when he did not have files to share, other users would not permit him to download child pornography from their systems. Defendant then would use files he had stored

on his computer to restock his shared folder so that other users could download from him. In exchange, the other users would permit defendant to download child pornography from their shared files.

2) While the United States Sentencing Guidelines now merely are advisory pursuant to the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005), the court nevertheless still is required to consider the guidelines as a factor in determining a defendant's sentence, along with the other factors enumerated in 18 U.S.C. §3553(a). Accordingly, the court makes the following guideline calculations:

a) The 2008 edition of the Guidelines Manual has been used in this case.

b) Defendant's base offense level at Count One is determined by U.S.S.G. §2G2.2(a)(2), which establishes a base offense level of 22.

c) Pursuant to U.S.S.G. §2G2.2(b)(2), defendant's offense level is increased two levels because some of the material that defendant possessed involved children under 12 years of age.[2]

d) Defendant's offense level is increased two levels because his conduct involved the distribution of child pornography. U.S.S.G. §2G2.2(b)(3)(F).

e) Defendant's offense level is increased four levels because the images of child pornography portrayed sadistic or masochistic conduct or other depictions of violence. U.S.S.G. §2G2.2(b)(4).

f) Defendant's offense level is increased two levels under U.S.S.G. §2G2.2(b)(6) because the offense involved the use of a computer for the possession, transmission, receipt or distribution of the images of child pornography.

g) Defendant's offense level is increased five additional levels under U.S.S.G. §2G2.2(b)(7)(D) because the offense involved 600 or more images of child pornography.

---

[2]The parties stipulated in the plea agreement that this enhancement, as well as those set forth in ¶¶2d through 2g herein, applies in this case. See Plea Agreement at 4-5, ¶¶C.2, C.3.

AO 72
(Rev 8/82)

h) There are no specific role-related, victim-related or obstruction of justice adjustments applicable under the guidelines.

i) Based on the above, defendant's adjusted offense level at Count One is 37 under the guidelines.

j) Under the guidelines, defendant is entitled to a three-level decrease for acceptance of responsibility pursuant to U.S.S.G. §§3E1.1(a) and (b).

k) Based on the above, defendant's adjusted offense level is 34 under the guidelines.

l) There are no Chapter 4 adjustments applicable under the guidelines.

m) Based on the above, defendant's total offense level is 34 under the guidelines.

n) Defendant has a criminal history score of zero, which results in a criminal history category of I under the guidelines. See U.S.S.G. §4A1.1; §5 (Part A).

o) Based on a total offense level of 34 and a criminal history category of I, defendant's guideline sentencing range is 151 to 188 months, which falls within Zone D. Pursuant to Booker, this guideline range is advisory only, not mandatory, and is to be considered as a factor in determining defendant's sentence.

3) Pursuant to 18 U.S.C. §2252(b)(1), the statutory term of imprisonment at Count One is not less than 5 years and not more than 20 years.

4) The authorized statutory term of supervised release at Count One is any term of years not less than 5, or life. 18 U.S.C. §3583(k).

5) Under the guidelines, the authorized term of supervised release is not less than five years to life. U.S.S.G. §5D1.2(b)(2).

6) Defendant is not statutorily eligible for a sentence of probation because he is subject to a mandatory minimum term of five years imprisonment. 18 U.S.C. §3561(a)(3). Defendant also is ineligible for a sentence of probation under the guidelines. U.S.S.G. §5C1.1(f).

7) The maximum statutory fine which may be imposed at Count One is $250,000. 18 U.S.C. §3571(b)(3).

8) Pursuant to U.S.S.G. §5E1.2(c)(3), the fine range under the guidelines is a minimum fine of $17,500 and a maximum fine of $175,000. Pursuant to Booker, this guideline range is advisory, not mandatory. According to the presentence report, it does not appear that defendant has the current ability to pay a fine nor is it likely that he will become able to pay any fine. U.S.S.G. §5E1.2(a).

9) Restitution is not an issue in this case.

10) Pursuant to 18 U.S.C. §3013(a)(2)(A), a special assessment of $100 is mandatory.

Gustave Diamond
United States District Judge

cc: Carolyn J. Bloch
Assistant U.S. Attorney

W. Penn Hackney
Assistant Federal Public Defender

Vonita Rae Baldt
U.S. Probation Officer

AO 72
(Rev. 8/82)