# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

### Petition for Warrant or Summons for Person Under Supervision

Person Under Supervision: Bruce M. Takac　　　　Case Number: 2:08CR00388-1
　　　　　　　　　　　　　　　　　　　　　　　　　USM Number: 30190-068

Name of Sentencing Judicial Officer: The Honorable Gustave Diamond
　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Name of Assigned Judicial Officer:　The Honorable Cathy Bissoon
　　　　　　　　　　　　　　　　　　 United States District Judge

Date of Original Sentence: June 29, 2009

Original Offense: 18 U.S.C. § 2252 (a)(2) Possession of Material Depicting the Sexual Exploitation of a Minor

Original Sentence: 120 months imprisonment and Life supervised release

Type of Supervision: Supervised Release　　　　Date Supervision Commenced: March 6, 2020
　　　　　　　　　　　　　　　　　　　　　　　　Expiration Date: Term of Life

---

### PETITIONING THE COURT

[X]　To issue a summons

The probation officer believes that the person under supervision has violated the following conditions of supervision:

**Violation Number 1**
Standard Condition Number 4: You must answer truthfully the questions asked by your probation officer.

**Violation Number 2**
Special Condition: The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system and other electronic devices or media to include all passwords used and the name of the Internet Service Providers. The defendant will also abide by all rules of the Computer Restriction and Monitoring Program.

**Violation Number 3**
Special Condition: You must not communicate, or otherwise interact, with victim, Teresa Woods-Takac either directly or through someone else, without first obtaining the permission of the probation officer.

**Violation Number 4**
Special Condition: You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**Nature of Noncompliance**
On October 24, 2025, Mr. Takac reported to GG Polygraph and Interview Services for purposes of attending his scheduled maintenance and monitoring polygraph examination. Mr. Takac's polygraph examination indicated deception. Specifically, significant responses were indicated relative to possession of an unapproved device for internet use and potential viewing minors for sexual gratification.

Following the polygraph examination, this officer conducted a post interview with Mr. Takac. During the interview, Mr. Takac reported that he had been in possession of an unapproved unmonitored cell phone without the permission of the probation office. According to Mr. Takac the cell phone belonged to his coworker. Mr. Taksc asserted that he utilized the cell phone to access adult pornography. Mr. Takac denied viewing images of minors or child sexual abuse materials.

On October 28, 2025, Mr. Takac reported to the probation office as instructed wherein a noncompliance meeting was conducted with this undersigned officer. Mr. Takac was further questioned about the revealed noncompliance. At such time, Mr. Takac admitted to being untruthful. He further admitted to having unapproved contact with his sister, Teresa Takac despite being aware that this Court previously issued an order prohibiting indirect and/or direct contact with Ms. Takac. Mr. Takac disclosed that sometime in June 2025, his sister requested that he stay at her residence for purposes of caring for her pets while she was traveling. Mr. Takac indicated that during his stay he located an old phone of his sister's. Mr. Takac indicated that he took the phone from his sister's residence without her permission and maintained possession until secretly returning it to her residence sometime in August of 2025. Mr. Takac reported that during that time of being in possession of his sister cell phone; he utilized the secret device to view adult pornography.

According to Mr. Takac he engaged in the aforementioned noncompliance because he desired to watch adult pornography on sites that his monored software repeatedly restricted. Additionally, Mr. Takac disclosed that he engaged in such behaviors despite previously being made aware that his treatment provider has deemed adult pornography viewing as barrier to his treatment progression and as such has restricted the viewing of adult pornography until the identified barriers and risk are addressed and or mitigated.

Mr. Takac maintained his assertion that he did not view any child sexual abuse materials on the secret device. Mr. Takac was verbally admonished and advised of the severity of his actions. Mr. Takac was re-advised of the violated conditions. Mr. Takac apologized for his prior untruthfulness and acknowledged understanding.

**U.S. Probation Officer Recommendation:**
It has been determined that Mr. Takac continues to require sex offender treatment interventions. Considering such, Mr. Takac will continue with treatment services and the probation office will continue

Bruce M. Takac
2:08CR00388-1

to monitor Mr. Takac's compliance through increased unannounced residential contacts, third-party contacts, and polygraph examinations.

However, due to Mr. Takac's high-risk behavior, danger posed to the community, untruthfulness and failure to abide by the instructions set forth by the Court, the probation office believes Court action is appropriate. Therefore, the probation office respectfully recommends a summons be issued for Mr. Takac and he appear before Your Honor to address the Court as to why his supervised release should not be revoked. A supplemental petition will be filed, should additional information become available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2025

Respectfully submitted,
by _____  Alexis L Zellefrow  2025.10.30 13:16:16 -04'00'
Alexis Zellefrow for
Monique Fisher
Special Offender Specialist

Approved,
by _____  Alexis L Zellefrow  2025.10.30 13:16:38 -04'00'
Alexis Zellefrow
Supervisory U.S. Probation Officer

THE COURT ORDERS:

☐ No Action
☐ The Issuance of a Warrant
　☐ No Bond is set
　☐ Bond is set at _____
　☐ Bond is at the discretion of the Magistrate Judge
☒ The Issuance of a Summons, *with an initial appearance scheduled in accordance with Fed.R.Crim.P. 32.1 as follows*:

| | |
|---|---|
| Initial Appearance Date: | November 24th, 2025 |
| Initial Appearance Time: | 11:00 AM |
| Courthouse: | U.S. District Court 700 Grant Street Pittsburgh, PA 15219 |
| Courtroom Number: | Courtroom 6B |

☐ Telephonic Status Conference
☐ Other: _____

THE COURT FURTHER ORDERS THAT:

3

Bruce M. Takac
2:08CR00388-1

☐ This Order will not be filed under seal, and the Petition and Violation Worksheet shall be unsealed upon the issuance of this Order; **or**

☒ This Order shall be filed under seal, and this Order, the Petition, and the Violation Worksheet shall remain under seal until the earlier of: 1) notice of arrest (if an arrest warrant is issued in this case); 2) execution of the summons (if the summons has been filed under seal in this case); or 3) further Order of Court.

s/Cathy Bissoon
The Honorable Cathy Bissoon
United States District Judge

October 30, 2025
Date

4